IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY ROBERT MEYER, | ) | |
| ID # 26274-180, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-1218-P (BH) |
| | ) | ECF |
| FEDERAL BUREAU OF PRISONS, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND[1]

Petitioner, a federal prisoner currently incarcerated in Seagoville, Texas, commenced this action as a writ of quo warranto in the Western District of Texas, and named the Federal Bureau of Prisons (BOP) as respondent. On May 15, 2006, the Western District of Texas construed the action as arising under 28 U.S.C. § 2241 and transferred the action to this Court.

Petitioner is serving a seventy-two month sentence pursuant to a judgment by the United States District Court for the Western District of Texas. Subsequent to the federal sentence, petitioner had his state parole revoked for the same conduct that resulted in his federal sentence. He urges the Court to order his federal sentence to run concurrently with his state sentence. He argues that respondent is usurping the power of the district court to sentence him by considering his federal

---

[1] The background section is taken from various filings in this action, as well as taking judicial notice of proceedings and filings in *United States v. Meyer*, No. 6:02-CR-0081 (W.D. Tex.), petitioner's federal criminal action that resulted in his federal incarceration.

sentence to be consecutive to his state sentence. The Court has not ordered respondent to file an answer to the petition.

## II. PETITIONER'S CLAIM

In his sole claim, petitioner argues that his federal sentence should be deemed concurrent to his state sentence. However, the order of transfer of the Court in the Western District of Texas specifically indicated that petitioner's § 2241 petition correctly noted that the Court had advised the BOP that it intended petitioner's federal sentence to run consecutive to his state sentence. Based on the Court's statements, the BOP is properly treating petitioner's federal sentence as consecutive to his state sentence. *See Pierce v. Fleming*, 150 Fed. App'x 344, 345 (5th Cir. 2005) (per curiam), *cert. denied*, 126 S. Ct. 2018 (2006). The Constitution, furthermore, affords no right to have state and federal sentences run concurrently. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). "It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law." *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978). Petitioner's federal sentence should not be deemed to run concurrent to his state sentence, and petitioner is entitled to no habeas relief under 28 U.S.C. § 2241.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** the instant petition filed pursuant to 28 U.S.C. § 2241.

**SIGNED this 4th day of June, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                 IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE